# GS2LAW

**Garson, Segal, Steinmetz, Fladgate LLP**
Tel: (212) 380-3623 | Fax: (347) 537-4540

| | | |
|---|---|---|
| **Robert Garson** ◊ | **John Lane** ¶ | **Stephen Greenwald** |
| **Thomas Segal** ˆ | **Kevin Murphy** | **Kevin Kehrli** |
| **Michael Steinmetz** * | **Timothy Kendal** ◊ | **Michael Smaila** |
| **Chris Fladgate** ◦ | **Ilan Ben Avraham** ∇ | **Chris Han** |

**Additional Bar Memberships**
◊  England and Wales
ˆ  Paris
*  New Jersey

¶  Patent Bar
◦  Victoria (Australia)
∇  Israel

Email: msmaila@gs2law.com

November 2, 2017

**VIA ECF**

Hon. Gary R. Brown
United States District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11722

> Re:   Stern et. al. v. Cardis International, et. al., 15-cv-05869(SJF)(GRB)

Dear Judge Brown,

This firm represents the interests of Daniel Stern, Fredrick Stern, Moshe Stern and, Simon Stern, plaintiffs in the above-referenced action (collectively, the "Plaintiffs," or, our "Clients"). We offer Your Honor this correspondence regarding certain matters in the above-referenced action (the "Action"). Specifically, we would ask that this Court enter judgment in the Action as against Defendants, Cardis Enterprises Internationa, N.V. ("Cardis"); Cardis Enterprises International (U.S.A.) ("Cardis USA"); and Choshen Israel, LLC ("Choshen") pursuant to validly executed confessions of judgment signed by the aforementioned parties.

In or about May 2016, the parties to the Action executed a stipulation and settlement agreement (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is annexed hereto as **Exhibit A**. The Settlement Agreement provided that the defendants were to make certain scheduled payments to our Clients in the sum of One Hundred and Fifty Thousand and 00/100 Dollars ($150,000.00) in fulfillment of the understanding between the parties. To provide security for those payments due under the Settlement Agreement, several defendants executed confessions of judgment. Aaron Fischman, as authorized signer acting as agent in fact, executed a confession of judgment on behalf of Cardis (the "Cardis COJ") (A true and correct copy of the Cardis COJ is annexed hereto as **Exhibit B**); Cardis USA (the "Cardis USA COJ") (A true and correct copy of the Cardis USA COJ is annexed hereto as **Exhibit C**); and, Choshen (the "Choshen COJ") (A true and correct copy of the Cardis COJ is annexed hereto as **Exhibit D**).

Defendants' obligations under the terms of the Settlement Agreement were well defined. Despite making initial payments pursuant to the Settlement Agreement's provisions,


Continuation Page

Defendants ceased their adherence to the terms therein. As of the date first written above, the sum of Seventy-Five Thousand and Five Hundred and 00/100 Dollars ($75,500.00) remains due and owing.

On April 28, 2017, Plaintiffs filed a letter to this Court requesting that this action be reoppened as a result of these breaches. (Dkt. No. 28). On July 1, 2016, Plaintiffs' application to reopen the case was granted by Judge Sandra J. Feuerstein. (Id.). Plaintiffs now request that judgment be entered as against Cardis, Cardis USA, and Choshen, pursuant to the respective confessions of judgment executed by said parties.

A confession of judgment "is a device whereby defendants admit that they owe the plaintiff a certain sum of money and consent to a judgment being entered against them for that amount; if they fail to make payments on the debt according to a specified schedule, the judgment may then be enforced." Febus v. Guardian First Funding Group, LLC, 90 F.Supp. 3d 240, 248 (S.D.N.Y. 2015), *citing* 2PT1 West's McKinney's Forms Civil Practice Law and Rules § 5:273; *see also* Canfield v. Elmer E. Harris & Co., 252 N.Y. 502, 505, 170 N.E. 121 (1930). As is the case here, confessions of jugdment are often used to facilitate payment of debt in settlement of a lawsuit, as the "allow[] a creditor to avoid formal, lengthy, and expensive legal proceedings in order to collect from his debtor." Alland v. Consumers Credit Corp., 476 F.2d 951, 957 (2d Cir. 1973).

"Judgment by confession is a product of state law, having no analog in the federal rules." Xerox Corp. v. W. Coast Litho, 2017 U.S. Dist. LEXIS 69155, at *7 (WDNY 2017), *citing* FDIC v. Deglau, 207 F.3d 153, 159 (3d Cir. 2000). The Federal Rules of Civil Procedure do not contain any specific provisions that govern entry of judgment by confession. Nevertheless, "[a] federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made." Id., *citing* LOL Fin. Co. v. Carrigan, 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016); Orlando Residence, Ltd. v. Nelson, 565 F. App'x 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession of judgments, as has been recognized by courts time and again"); Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 418 (W.D. Pa. 1978) ("There is no legal prohibition against entering jdugment by convession in a court of the United States, if federal jurisdiction exists."); *c.f.*, D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 185, 92 S.Ct. 775, 31 L. Ed.2d 124 (1972) (holding that a confession of judgment provision is not per se unconstitutional and may be valid where the confession was voluntarily, knowing, and intelligently made"); Alland, 476 F.2d at 958 ("[A]lthough the district court correctly ruled that the entry of a confessed judgment is a matter of procedure where the federal rules govern for purposes of Erie, questions regarding the interpretation to be given the language in the confession of judgment are governed, as are other written agreements, by substantive state law.").

New York law provides, subject to one exception not relevant herein, that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability on behalf of the defendant, or both, upon an affidavit executed by the defendant." N.Y.C.P.L.R. § 3218(a). A defendant's affidavit must contain certain relevant information. *See,* Id. First, it must state "the sum for which judgment may be entered, authoriz[e] the entry of the judgment, and stat[e] the county where the



Continuation Page

defendant resides or if he is a non-resident, the county in which entry is authorized." Id., § 3218(a)(1). Second, "if the judgment to be confessed is for money due or to become due," the affidavit must state "concisely the facts out of which the debt arose and show[] that the sum confessed is justly due or to become due." Id., § 3218(a)(2). Finally, "if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability," the affidabit must state "concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of liablity." Id., § 3218(a)(3). As Exhibits B, C, and D demonstrate, all relevant conditions espoused under N.Y.C.P.L.R. § 3218 have been satisfied.

Further to the conformity of the Cardis COJ, Cardis USA COJ, and Choshen COJ with the edicts of N.Y.C.P.L.R. § 3218, this Court's subject matter jurisdiction over the Action is beyond dispute. The Court possess federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. The claims alleged in the Action arise under Section 10(b) and 20(a) of the Securities Exhcnage Act of 1934, 15 U.S.C. §§ 78j(b), Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), 17 C.F.R. § 240.10b-5. The Court possessed supplemental jurisdiction over the remaining non-federal question causes of action. Furthermore, the Settlement Agreement explicitly articulates at § 14 that, "[t]he Parties agree that the Hon. Sandra J. Feuerstein of the Eastern District of New York maintains jurisdiction of this matter, including this Settlement Agreement." Exhibit A, § 14.

Moreover, there is nothing to suggest that the Cardis COJ, Cardis USA COJ, or Choshen COJ were executed in a manner that was not voluntary, knowing, and intelligent. All affidavits are signed and notarized, and the parties, represented by sophisticated counsel, negotiated the terms of the Settlement Agreement and confessions of judgment over an extended period of time. *See,* Xerox Corp., 2017 U.S. Dist. LEXIS 69155, at *10 (entering judgment against two defendants based on their confessions of judgment; despite the fact that the defendants had not appeared in the case, the affidavits were signed and notarized, nothing in the record indicated that the confessions of judgment were executed in a manner that was not voluntary, knowing, and intelligent.).

Based on the foregoing, it is respectfully asserted that Plaintiffs are entitled to the entry of judgment as against defendants, CARDIS ENTERPRISES INTERNATIONAL, N.V., CARDIS ENTERPRISES INTERNATIONAL (U.S.A.), and CHOSHEN ISRAEL, LLC, in the Action in accordance to the terms of the parties' respective confessions of judgment. Plaintiffs therefore request entry of judgment pursuant to said defendants' confession of judgments in favor of Plaintiffs and against defendants, jointly and severally in the amount of Seventy-Five Thousand and Five Hundred and 00/100 Dollars ($75,500.00).

Respectfully Submitted,

*/s/ Michael Smaila*

Michael Smaila